# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RODOLFO FERNANDEZ and ANTHONY ALLEN,

              Plaintiffs,

vs.

PENSKE TRUCK LEASING CO., L.P., *et al.*,

              Defendants.

Case No.  2:12-cv-00295-JCM-GWF

**ORDER**

Motion to Compel (#48)

This matter comes before the Court on Plaintiff's Motion to Compel Appearance at Rule 30(b)(6) Deposition (#48), filed on January 3, 2013.  Defendants filed a timely Opposition (#50) on January 15, 2013.  Plaintiffs filed a timely Reply (#51) on January 22, 2013.

**I.     BACKGROUND**

The underlying facts of this case have been extensively recited in previous court orders, *see, e.g., Doc # 21* at 1:23-3:2, and are hereby incorporated.  On December 17, 2012, Plaintiffs served Defendants with two notices of depositions for Defendants' Counsel and Defendants' person most knowledgeable regarding six enumerated topics.  Defendants represent the notices unilaterally set the depositions for December 28, 2012 in Las Vegas.  Discovery in this matter closed on December 31, 2012.  *See Scheduling Order, #26* at 3:3.  Defendants further represent that on December 20, 2012, they informed Plaintiffs that none of the proposed deponents were available on December 28, 2012.  Also on December 20, Defendants served Plaintiffs with formal objections to the deposition notices.  Defendants claim Plaintiffs issued no response to the objections other than representations that a motion to compel would be filed if the witnesses did not appear at the depositions.  On December 27, 2012, Plaintiffs informed Defendants they would not file any motion to compel until

January 9, 2013 regarding the depositions. *See Doc. #50, Exh. E*. Nevertheless, Plaintiffs filed the instant Motion to Compel on January 3, 2013 without, according to Defendants, any further communication.

## II. DISCUSSION

### a. Meet and Confer Requirements

Under Local Rule 26-7, "discovery motions will not be considered" unless the moving party includes a statement "certifying that, after personal consultation and sincere effort to do so, counsel have been unable to resolve the matter without court action." Upon receipt of the notices, Defendants promptly sent Plaintiffs a letter indicating what Defendants perceived to be their deficiencies, citing the notices' untimeliness, the improper location of the depositions, and the irrelevance of the information sought. *See Doc. #50, Exh. C*. Defendants also sent formal objections on the same grounds. *See Id., Exh. D*. After receiving notice that the witnesses would not attend the depositions, Plaintiffs informed Defendants the witnesses could opt to comply before January 9, 2013 before any motion to compel would be filed. Plaintiffs filed this Motion on January 3, however, without certification that they attempted to resolve any of Defendants' objections before filing. Therefore, the Court finds that Plaintiffs have not satisfied the meet and confer requirements of Local Rule 26-7.

### b. Reasonable Notice and Location of Depositions

Under Federal Rule of Civil Procedure 30(b)(1), parties must give "reasonable notice" of a deposition. Non-Parties are also entitled to "reasonable time" to comply with subpoenas under Rule 45(c)(3)(A)(I). Courts must determine what is reasonable based on the circumstances of each particular case. *Paul v. Winco Holdings, Inc.*, 249 F.R.D. 643, 656 (D. Idaho 2008). After nearly a year of pendency, Plaintiff delayed until two weeks before the close of discovery to notice the subject depositions, without explanation, and the depositions were also noticed during the Christmas holiday. The depositions were also scheduled to occur during the winter holiday season. The discovery deadlines in this matter have already been extended two times. *See Docs. #23, 26*. Furthermore, Plaintiffs unilaterally scheduled the depositions to occur eleven days after issuance of notice. Under the circumstances, the Court finds Plaintiffs did not give the proposed deponents

reasonable notice.

Plaintiffs scheduled all the depositions to occur in Las Vegas.  Ordinarily, the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order.  *Fausto v. Credigy Servicse Corp.*, 251 F.R.D. 427, 429 (N.D. Calif. 2008).  An exception to this general rule is made for defendant corporate designees, who are normally deposed at the corporation's principal place of business.  *Id.*  Defendants aver that the witnesses for categories three, four, and five of Plaintiff's 30(b)(6) notice are located at Penske's corporate headquarters in Pennsylvania.  The proper location to conduct the depositions as to categories three through five would be in Pennsylvania, at Penske's principal place of business.

### c. Deposition of Defense Counsel

Plaintiffs also noticed the deposition of Defense Counsel Jonathan Klein.  *See Doc. #50, Exh. A*.  A party seeking to depose the opposing party's counsel must demonstrate that (1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case.  *Johnson v. Couturier*, 261 F.R.D. 188, 193 (E.D. Calif. 2009) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)); *see also DiLorenzo v. Costco Wholesale Corp.*, 243 F.R.D. 413, 415 (W.D. Wash. 2007); *Mass. Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 479 (N.D. Calif. 1998).  Plaintiffs seek to depose opposing counsel regarding the "factual basis for [opposing counsel's] statements that the renter address on the [subject rental agreement] was 'bogus[.]'" *See Doc. # 50, Exh. A* at 5:1.  Defendants submit, however, that Plaintiffs could have inquired as to this topic during their October 24, 2012 deposition of local Penske employee Dona Wilson.  Defendants further assert that Mr. Klein only has the information sought as a result of privileged communication.  Therefore, the Court finds Plaintiffs have not satisfied their burden and are not entitled to depose opposing counsel.  Moreover, a subpoena accompanied by witness fees must be personally served on any non-party witnesses after issuing notice of a deposition.  Fed. R. Civ. P. 45(b).  Defendants represent that Plaintiffs did not serve a subpoena on Mr. Klein.

. . .

. . .

### d. Defendants' failure to move for a Protective Order

Plaintiffs argue that Defendants were required to timely seek a protective order to preserve any objections they had to the notices. Absent a protective order or an order staying the deposition, the party, including its officers or Rule 30(b)(6) deponents, is required to appear for a *properly noticed* deposition. *Anderson v. Air West, Inc.*, 542 F.2d 1090, 1093 (9th Cir. 1976) (emphasis added); *see also Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). If the noticing party refuses to reschedule a properly noticed deposition, it is incumbent on the other party to move for a protective order. *Koninklite Philips Elec. N.V. v. KXD Tech., Inc.*, 2007 WL 3101248, at *18 (D. Nev., Oct. 16, 2007) (citing *Abiola v. Abubaker*, 2007 WL 898197 (N.D.Ill. 2007)). The noticed party "does not have the option of sitting back, failing to appear, requiring the noticing party to take action, and then crying foul to the court." *Id.* Defendants here did not entirely fail to act; rather, they promptly sent Plaintiffs formal objections to the noticed depositions. Furthermore, the requirement to obtain a protective order before failing to appear for a deposition only pertains to properly noticed depositions. As discussed above, Plaintiffs' notices were not timely issued, and Plaintiffs did not serve Mr. Klein with a subpoena.

### e. Defendants' request for Sanctions

Defendants move for sanctions under Rule 37(a) and 28 U.S.C. § 1927. Under Rule 37, sanctions are appropriate if the motion is denied unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Here, Plaintiffs unilaterally scheduled depositions to occur on the eve of the close of discovery, and received prompt objections to the notices. After making representations that a motion to compel would not be filed until January 9, 2013, Plaintiffs filed the instant Motion on January 3. *See Doc. #50, Exh. E*. Furthermore, the Motion contains no certification that Plaintiffs attempted to reschedule the depositions or otherwise resolve the current dispute without Court action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Defendants to Appear for 30(b)(6) Deposition (#48) is **denied**.

**IT IS FURTHER ORDERED** that a protective order is hereby entered regarding the subject Rule 30(b)(6) notices for depositions and for the notice of deposition for Jonathan Klein.

**IT IS FURTHER ORDERED** that Defendants' request for sanctions is **granted**. The Court awards Defendants their reasonable attorneys' fees and costs as sanctions for the cost associated with opposing the instant Motion (#48). This Order is subject to the following:

1. Counsel for Defendants shall, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

2. Counsel for Plaintiffs shall have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

3. Counsel for Defendants shall have 7 days from service of the responsive memorandum in which to file a reply.

DATED this 1st day of February, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge