**O'REILLY LAW GROUP, LLC**
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
E-mail: tor@oreillylawgroup.com

**LAW OFFICE OF JONATHAN W. BIRDT**
Jonathan W. Birdt, Esq.
Nevada Bar No. 8376
10315 Woodley Ave., Suite 208
Granada Hills, California 91344
Telephone: (818) 400-4485
Facsimile: (818) 428-1384
E-mail: Jon@JonBirdt.com

Attorneys for Plaintiffs
RODOLFO FERNANDEZ AND ANTHONY ALLEN

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RODOLFO FERNANDEZ, an Individual; ANTHONY ALLEN, an Individual, <br><br> Plaintiffs, <br><br> vs. <br><br> PENSKE TRUCK LEASING CO., L.P., a Delaware limited partnership.; PENSKE TRUCK LEASING CORPORATION, a Delaware corporation; PENSKE LOGISTICS LLC, a Delaware limited liability company; DOES 1-50, Inclusive; ROE CORPORATIONS 1-50, Inclusive, <br><br> Defendants. | CASE NO.:   2:12-CV-00295-JCM-(GWF) <br><br> **OBJECTIONS TO MAGISTRATE'S ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

/ / /

Plaintiffs hereby submit these objections to the Magistrate's Order, Docket # 55:

1. Plaintiffs contend that the Magistrate erred as a matter of law in finding that 11 days' notice was insufficient notice for a deposition, where Federal Courts have routinely found that 10 days' notice is sufficient, and Plaintiffs advised defense counsel 17 days ahead that discovery still due might trigger the need for the depositions, and defense counsel agreed to arrange them.

2. Plaintiffs contend that the Magistrate erred as a matter of law regarding Plaintiffs' right to notice the deposition of the 30(b)(6) witness in Clark County as it is permitted by FRCP.

3. The Magistrate premised his ruling on the incorrect assumption that Plaintiffs did nothing to meet and confer after receiving the objections on December 20, 2012, but an extensive meet and confer process preceded that, and it was incumbent upon Defendants to act, not rest, on objections that are not a recognized mechanism for ignoring a deposition notice.

4. Plaintiffs contend that the Magistrate erred in failing to provide Plaintiffs any alternative means to conduct discovery that was timely and properly noticed under FRCP and that such failure further prejudices Plaintiffs in opposing the pending motion for summary judgment and preparing this matter for trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

While the timing could have been better, the deposition of Defendant's 30(b)(6) witness was timely noticed as soon as the need became apparent, and Defendants failed to appear, provide alternative dates as to their availability or seek a protective order.

### I. The Deposition was timely noticed before the close of discovery

It was at the request of defense counsel that the discovery deadline was continued at least once, but any such continuance is irrelevant so long as Plaintiffs sought to timely complete the discovery necessary before the discovery cutoff, which Plaintiffs did in fact do. See *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D.Ill.2005) ("[T]en business days' notice [of a deposition] would seem to be reasonable."). *Paige v. Consumer Programs, Inc.* (C.D. Cal. 2008) 248 F.R.D. 272, 275.

### II. Plaintiffs had the right to notice the deposition of the 30(b)(6) witness in Clark County as it is permitted by FRCP.

Plaintiffs were permitted to notice the deposition in Clark County, just as Defendants would have been permitted to seek a protective order to change the location of the deposition, but they chose not to do that, and the Court did not address this issue, finding that the notice was not reasonable.

### III. The Magistrate erroneously premised his ruling on the assumption that Plaintiffs did nothing to meet and confer when in fact there was an extensive meet and confer process

In fact Plaintiffs tried repeatedly and in vain to reach an accommodation regarding this dispute:

December 10, 2012 – Plaintiffs to Defense regarding outstanding discovery –
I may need to take a PMK deposition based on the responses.

December 10, 2012- Defense response –
If you need a PMK, let me know as soon as possible. We will need to arrange.

December 13, 2012 – Defendants respond to the Discovery –
Here's Penske's response to your 2nd set of RFP. It is also being mailed to you today.

December 14, 2012 – Email to Defense Counsel - Given your recent decision not to explore resolution of this matter, we need to schedule your deposition and the 30(b)(6) deposition of the following:
1. The factual basis for Jonathan Klein's statement that the address on the rental agreement was "bogus".
2. All investigation conducted by you regarding why a bogus address was used on the subject rental agreement.
3. How you define the term "local" rental versus other alternatives.
4. The corporate relationship of the parties herein.

As you know, Ms. Wilson testified that the driver's license was examined at the time of the rental, but this testimony was clearly false given the DMV records and your prior statement. Jonathan Birdt will be associating in next week to take the deposition and act as lead trial counsel. We would like to schedule the deposition for December 28, 2012. If this is not convenient for your schedule or the designated deponents, then please provide us with several alternative dates.

December 14, 2012 – Defense Counsel responds in part –
To be honest with you Tim, I think you aren't seeing the case at all. Most of what you see as "relevant" has nothing to do with the case -- which concerns whether Penske had (i) a duty to your clients; and (ii) a right to report the vehicles as stolen.

December 14, 2012 – Plaintiff's response to Defense Counsel –
We will the send the notices and you can object accordingly. The rental contract has what you call a "bogus" address. We can do the 30(b)(6) and table your deposition to see if there is a conflict, or you are a necessary witness, but we will be amending our disclosures to include you as a witness we expect to call at trial and intend to use your letter stating such as an exhibit at trial. Ms. Wilson testified clearly that when the contract was prepared they were looking at the driver's

license. That is not possible according to you and the DMV, or perhaps the 30(b)(6) will clear up our confusion and lead to the dismissal of parties.

December 17, 2012 – Plaintiff's email to Defense Counsel - Mr. Klein- We would accept a factual stipulation that Penske used "a bogus address" on the agreement to rent the subject vehicle in lieu of your deposition, but will still need to explore the issues with the 30b6 witness as you will see from the notice and our supplemental discovery responses later today.

December 17, 2012 –Defense Counsels response - I am afraid that you don't understand the case. Penske did not "use" a "bogus address." Mainline gave them an address in Las Vegas that was not a valid address.

December 17, 2012 – Plaintiff's email to Defense Counsel - Okay, then I suggest you file the motion for protective order, but, I you could wait for the amended responses, disclosure and notice today. We would agree to table the meet and confer until after the 30b6 depositions, as that may answer the questions anyway making your deposition either unnecessary, or clearly necessary. Do as you must because that statement is in fact the very heart of our case and Exhibit A at trial. Penske contends it exercised reasonable care in renting the vehicle and we contend it did not.

Perhaps we could modify the factual stipulation to the effect that "A bogus address was used on the rental application for the subject vehicle, as well as the many other vehicles Penske rented to mainline". It seems like a relatively simple issue and simply quotes your statement, but your refutation of that statement is what makes it relevant. In the alternative, we could simply stipulate that you letter is admissible and an admission by defendant that speaks for itself. We are more than happy to work with you to minimize any inconvenience, but as we appear headed for trial, we must begin addressing these evidentiary issues.

As an aside, I believe it is likely we will waive jury; if your clients are agreeable to that, let me know so we can advise the court.

Defense counsel never responded to this last olive branch, and, as such, it should be clear that Plaintiffs sought to meet and confer, but Defense counsel had no interest in resolving this dispute and never even picked up the phone to discuss or explore any of the proposed stipulations to avoid the depositions or motion practice.

**IV. Plaintiffs contends that the Magistrate erred in failing to provide Plaintiffs any alternative means to conduct discovery that was timely and properly noticed under FRCP, and that such failure further prejudices Plaintiffs in opposing the pending motion for summary judgment and preparing this matter for trial.**

Defendants have filed a motion for summary judgment which has now been fully briefed. The Magistrate's order now plays a central role in both the opposition and reply to that motion as the discovery is necessary to oppose the motion and the order precludes Plaintiffs from gathering the information necessary to present a cogent opposition.

DATED: February 7, 2013                    **LAW OFFICE OF JONATHAN W. BIRDT**


By: /s/ *Jonathan W. Birdt*
    Jonathan W. Birdt, Esq.
    Nevada Bar No. 8376
    10315 Woodley Ave., Suite 208
    Granada Hills, California 91344
    Attorneys for Plaintiffs
    RODOLFO FERNANDEZ AND ANTHONY ALLEN

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am employed in the LAW OFFICE OF JONATHAN W. BIRDT and that, on February 7, 2013 I served, in accordance with LR 5-4 and Fed. R. Civ. P. 5(b)(2),

**OBJECTIONS TO MAGISTRATE'S ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**BY:** *(Check all that apply)*

☒ **a. ECF SERVICE:** That service was made by electronic transmission through the ECF filing system of the U.S. District Court, District of Nevada to the parties as listed below.

    PENSKE LOGISTICS LLC;
    PENSKE TRUCK LEASING CO., L.P.; and
    PENSKE TRUCK LEASING CORPORATION

☐ **b. U.S. MAIL**: By placing a copy of same in a sealed envelope, with postage fully prepaid thereon, and sending via U.S. mail to the following:

☐ **c. PERSONAL SERVICE:** I personally delivered the document(s) to the person(s) at these addresses:
    ☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.
    ☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ **d. BY DIRECT EMAIL** I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **e. BY FAX TRANSMISSION:** Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ **f. BY MESSENGER:** I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service.)

Signed on: February 7, 2013               /s/ *Jonathan W. Birdt*
                                                     Jonathan W. Birdt

## Timothy R. O'Reilly

**From:** Jonathan Klein [jaklein@khklaw.com]
**Sent:** Monday, December 10, 2012 8:20 AM
**To:** Timothy R. O'Reilly
**Subject:** Re: Fernandez & Allen / Penske Truck Leasing (32207-00001)

I know we never got them, or I would have responded. I'm in LA today, but will get right on it as soon as I'm back.

If you need a PMK, let me know as soon as possible. We will need to arrange.

Yes I got the Rule 68 offers. They are rejected.

Jonathan
Sent from my Verizon Wireless BlackBerry

**From:** "Timothy R. O'Reilly" <tor@oreillylawgroup.com>
**Date:** Mon, 10 Dec 2012 08:18:41 -0800
**To:** 'jaklein@khklaw.com'<jaklein@khklaw.com>
**Subject:** Re: Fernandez & Allen / Penske Truck Leasing (32207-00001)

Jonathan, They were sent. Let us know your responses. I may need to take a PMK deposition based on the responses. Did you get the offers of judgment?

Tim

**From:** Jonathan Allan Klein <jaklein@khklaw.com>
**To:** Timothy R. O'Reilly
**Sent:** Fri Dec 07 17:47:32 2012
**Subject:** RE: Fernandez & Allen / Penske Truck Leasing (32207-00001)

Tim -- these were never received by my office. I will review as soon as possible, although I also believe you have all our documents reflecting payments... This is the first I've seen these requests.

Jonathan Allan Klein, Esq.
Kelly, Hockel & Klein P.C.
One Sansome Street, Suite 1800
San Francisco, CA 94104
T: (415) 951-0535
F: (415) 391-7808


-----Original Message-----
From: "Timothy R. O'Reilly" <tor@oreillylawgroup.com>
Sent: Friday, December 7, 2012 5:47pm
To: "Jonathan Allan Klein" <jaklein@khklaw.com>
Subject: Fernandez & Allen / Penske Truck Leasing (32207-00001)

Jonathan,
Our files do not reflect receipt of responsive documents or any response to the attached request for production. Please let us know if the responses were in fact sent. If they were sent, can you please send us another copy as they were not received?

1

Tim

Timothy R. O'Reilly, Esq.
O'Reilly Law Group, LLC
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Phone: 702-382-2500
Fax: 702-384-6266
E-Mail: tor@oreillylawgroup.com

Visit us online at www.oreillylawgroup.com

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This electronic mail transmission has been sent by a lawyer or a law firm employee. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.

| | |
|---|---|
| **From:** | Jonathan Allan Klein |
| **To:** | Jonathan Birdt; "Timothy R. O"Reilly" |
| **Subject:** | RE: Allen v. Penske |
| **Date:** | Monday, December 17, 2012 12:19:30 PM |

I strongly disagree that anything I say in a letter to you is "evidence" of any sort.  Your letters to me are not evidence, and federal law is 100% clear on this.  I am not agreeable to any such stipulation.

Since I have seen no deposition notices, I cannot comment.  I will comment after receipt and review.

Jonathan Allan Klein, Esq.
Kelly, Hockel & Klein P.C.
1 Sansome Street, Suite 1800
San Francisco, CA  94104
T:  (415) 951-0535
F: (415) 391-7808

**From:** Jonathan Birdt [mailto:jon@jonbirdt.com]
**Sent:** Monday, December 17, 2012 12:12 PM
**To:** Jonathan Allan Klein; 'Timothy R. O'Reilly'
**Subject:** RE: Allen v. Penske

Okay, then I suggest you file the motion for protective order, but, I you could wait for the amended responses, disclosure and notice today.  We would agree to table the meet and confer until after the 30b6 depositions, as that may answer the questions anyway making your deposition either unnecessary, or clearly necessary.  Do as you must because that statement is in fact the very heart of our case and Exhibit A at trial.  Penske contends it exercised reasonable care in renting the vehicle and we contend it did not.
Perhaps we could modify the factual stipulation to the effect that "A bogus address was used on the rental application for the subject vehicle, as well as the many other vehicles Penske rented to mainline".  It seems like a relatively simple issue and simply quotes your statement, but your refutation of that statement is what makes it relevant.  In the alternative, we could simply stipulate that you letter is admissible and an admission by defendant that speaks for itself.  We are more than happy to work with you to minimize any inconvenience, but as we appear headed for trial, we must begin addressing these evidentiary issues.
As an aside, I believe it is likely we will waive jury, if your clients are agreeable to that, let me know so we can advise the court.

**From:** Jonathan Allan Klein [mailto:jaklein@khklaw.com]
**Sent:** Monday, December 17, 2012 11:58 AM
**To:** Jonathan Birdt; 'Timothy R. O'Reilly'
**Subject:** RE: Allen v. Penske

I am afraid that you don't understand the case.  Penske did not "use" a "bogus address."  Mainline gave them an address in Las Vegas that was not a valid address.

Whatever the case (whether you believe me or not), I am not a witness to the case.  You cannot take

my deposition, nor can I yours.

Jonathan Allan Klein, Esq.
Kelly, Hockel & Klein P.C.
1 Sansome Street, Suite 1800
San Francisco, CA  94104
T:  (415) 951-0535
F:  (415) 391-7808

---

**From:** Jonathan Birdt [mailto:jon@jonbirdt.com]
**Sent:** Monday, December 17, 2012 11:55 AM
**To:** Jonathan Allan Klein; 'Timothy R. O'Reilly'
**Subject:** RE: Allen v. Penske

Mr. Klein- We would accept a factual stipulation that Penske used "a bogus address" on the agreement to rent the subject vehicle in lieu of your deposition, but will still need to explore the issues with the 30b6 witness as you will see from the notice and our supplemental discovery responses later today.

---

**From:** Jonathan Allan Klein [mailto:jaklein@khklaw.com]
**Sent:** Monday, December 17, 2012 11:51 AM
**To:** 'Timothy R. O'Reilly'
**Cc:** Jonathan Birdt
**Subject:** RE: Allen v. Penske

Gentlemen:

I am not a witness to this case.  Any attempt to notice my deposition is improper.

I have no idea what you mean by "withdrawn your prior threats and don't wish to discuss the matter in a cordial or professional way."  I remain happy to discuss this case with you at anytime; however, you have falsely stated prior communications and now again threaten my deposition.

The facts of this case and the dispute is between plaintiffs and Penske.  The lawyers are not witnesses, and it is clear that your attempt to depose me is an attempt to intimidate and harass.  As I have said, you do so at your own peril.  You seek nothing more than privileged communications and work product.

Considering that your settlement demand is higher than your Rule 68 offer, I imagine it will be rejected, but I will of course forward to my client immediately.

Jonathan Allan Klein, Esq.
Kelly, Hockel & Klein P.C.
1 Sansome Street, Suite 1800
San Francisco, CA  94104
T:  (415) 951-0535
F:  (415) 391-7808

**From:** Timothy R. O'Reilly [mailto:tor@oreillylawgroup.com]
**Sent:** Monday, December 17, 2012 10:51 AM
**To:** jaklein@khklaw.com
**Cc:** Jonathan Birdt
**Subject:** RE: Allen v. Penske

Mr. Klein,

Consistent with prior correspondence we will be sending you a formal person most knowledgeable deposition notice this afternoon.  Based upon your correspondence of Friday afternoon, since you appear to have withdrawn your prior threats and don't wish to discuss the matter in a cordial or professional way, we will also be noticing your deposition for December 28.  As to a formal settlement demand, we have been authorized to settle this matter for a total sum of $60,000.  This offer will remain open until noon on December 21, 2012.


Timothy R. O'Reilly, Esq.
O'Reilly Law Group, LLC
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Phone: 702-382-2500
Fax: 702-384-6266
E-Mail: tor@oreillylawgroup.com

Visit us online at www.oreillylawgroup.com

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This electronic mail transmission has been sent by a lawyer or a law firm employee. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.


**From:** Jonathan Klein [mailto:jaklein@khklaw.com]
**Sent:** Friday, December 14, 2012 12:06 PM
**To:** Timothy R. O'Reilly
**Subject:** Re: Allen v. Penske

Call me as a witness at your own peril. I am certain you are familiar with the dangers of that.

Make a settlement demand if you'd like.

The rest if just babble, incorrect and I won't bother to respond. Just assume it is all rejected.
Sent from my Verizon Wireless BlackBerry

---

**From:** "Timothy R. O'Reilly" <tor@oreillylawgroup.com>
**Date:** Fri, 14 Dec 2012 11:51:53 -0800
**To:** Jonathan Allan Klein<jaklein@khklaw.com>
**Subject:** RE: Allen v. Penske

Mr. Klein,

We will the send the notices and you can object accordingly.  The rental contract has what you call a "bogus" address.  We can do the 30(b)(6) and table your deposition to see if there is a conflict, or you are a necessary witness, but we will be amending our disclosures to include you as a witness we expect to call at trial and intend to use your letter stating such as an exhibit at trial.  Ms. Wilson testified clearly that when the contract was prepared they were looking at the drivers license.  That is not possible according to you and the DMV, or perhaps the 30(b((6) will clear up our confusion and lead to the dismissal of parties.

As to settlement, it is always our desire to resolve a case, but from the start you have made it clear you have no interest.  We made our statutory offers reflecting what we believe the reasonable case value is, warts and all, and you chose to reject it, no problem.  If you want to settle, all you have to do is make an offer, but understand, our starting point is not the offers of judgment, but something north of that, or you can re-consider and we will honor the prior offers.

As to supplemental responses to discovery, we will be providing them next week.


Timothy R. O'Reilly, Esq.
O'Reilly Law Group, LLC
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Phone: 702-382-2500
Fax: 702-384-6266
E-Mail: tor@oreillylawgroup.com

Visit us online at www.oreillylawgroup.com

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This electronic mail transmission has been sent by a lawyer or a law firm employee. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.

**From:** Jonathan Allan Klein [mailto:jaklein@khklaw.com]
**Sent:** Friday, December 14, 2012 10:46 AM
**To:** Timothy R. O'Reilly
**Subject:** RE: Allen v. Penske

Mr. O'Reilly:

You want to take my deposition? I am not a witness in this case. You want to discuss my "investigation?" Any of my investigation is privileged and irrelevant. The facts of the case are between the parties to dispute.

To be honest with you Tim, I think you aren't seeing the case at all. Most of what you see as "relevant" has nothing to do with the case -- which concerns whether Penske had (i) a duty to your clients; and (ii) a right to report the vehicles as stolen.

The address as "bogus" reference, from one of my letters to Mr. Birdt, reflects the address provided to Penske by Mainline (not the renter) for a Las Vegas location. When the billing problems persisted, my client discovered the address was indeed "bogus." You chose not to ask Ms. Wilson anything about this. I have no idea why. Ms. Wilson's testimony was not false at all -- quite frankly, I don't believe you have taken the time to understand what the case is about. Your obsession with the drivers' license data is misplaced, and the Court has already told you that.

I can see no legal authority for making me a witness in this lawsuit. If you persist in that request, I will seek a protective order and sanctions.

In terms of your statement that I made a "recent decision not to explore resolution", I have no idea what you are referring to. Your Rule 68 offer of judgment was rejected. However, if you wish to continue to explore resolution, we always remain interested in reasonable discussion. If your Rule 68 offers are settlement demands subject to negotiation, let me know and I will discuss them with my client.

Finally, please let me know when we can expect your substantive responses to discovery, as ordered by the Court yesterday.

Jonathan Allan Klein, Esq.
Kelly, Hockel & Klein P.C.
1 Sansome Street, Suite 1800
San Francisco, CA 94104
T: (415) 951-0535
F: (415) 391-7808

**From:** Timothy R. O'Reilly [mailto:tor@oreillylawgroup.com]
**Sent:** Friday, December 14, 2012 10:07 AM
**To:** Jonathan Allan Klein
**Subject:** Allen v. Penske

Mr. Klein,

Given your recent decision not to explore resolution of this matter, we need to schedule your deposition and the 30(b)(6) deposition of the following:

1. The factual basis for Jonathan Klein's statement that the address on the rental agreement was "bogus".
2. All investigation conducted by you regarding why a bogus address was used on the subject rental agreement.
3. How you define the term "local" rental versus other alternatives.
4. The corporate relationship of the parties herein.

As you know, Ms. Wilson testified that the drivers license was examined at the time of the rental, but this testimony was clearly false given the DMV records and your prior statement. Jonathan Birdt will be associating in next week to take the deposition and act as lead trial counsel. We would like to schedule the deposition for December 28, 2012. If this is not convenient for your schedule or the designated deponents, then please provide us with several alternative dates.

Timothy R. O'Reilly, Esq.
O'Reilly Law Group, LLC
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Phone: 702-382-2500
Fax: 702-384-6266
E-Mail: tor@oreillylawgroup.com

Visit us online at www.oreillylawgroup.com

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This electronic mail transmission has been sent by a lawyer or a law firm employee. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.